**UNITED STATES of America,**
**Plaintiff–Appellee,**

v.

**Lamon Lee CHRISTENSEN,**
**Defendant–Appellant.**

No. 08–50440.

United States Court of Appeals,
Ninth Circuit.

Submitted Nov. 17, 2009.*

Filed Dec. 14, 2009.

Stephen Anthony Cazares, Assistant U.S., Michael J. Raphael, Esquire, Assistant U.S., Sarah J. Heidel, Assistant U.S., Office of the U.S. Attorney, Los Angeles, CA, for Plaintiff–Appellee.

---

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

George L. Steele, Esquire, Law Offices of George L. Steele, Pasadena, CA, for Defendant–Appellant.

Before: ALARCÓN, TROTT, and TASHIMA, Circuit Judges.

MEMORANDUM **

Lamon Lee Christensen appeals from the eight-month sentence imposed following revocation of the supervised release term he was serving following a jury-trial conviction for armed bank robbery and use of a firearm during and in relation to a crime of violence. We have jurisdiction pursuant to 28 U.S.C. § 1291, and we affirm.

Christensen contends that the district court erred by imposing consecutive three-year and two-year terms of supervised release as part of the sentence on the underlying conviction. As a result, he argues that the district court lacked jurisdiction to revoke his supervised release because his supervision expired upon completion of the initial three-year term, which occurred prior to the conduct resulting in the revocation of supervised release. We decline to reach the merits of this argument because an appeal challenging a revocation proceeding is not the proper avenue through which to attack the validity of the original sentence. *See United States v. Gerace,* 997 F.2d 1293, 1295 (9th Cir.1993).

**AFFIRMED.**

---

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.